```
                         IN THE
            UNITED STATES DISTRICT COURT
                        FOR THE
              WESTERN DISTRICT OF VIRGINIA
                 HARRISONBURG DIVISION

UNITED STATES OF AMERICA          )
                                  )
                                  )
           v.                     )   Criminal No. 5:10CR00045
                                  )
JOHN STUART DOWELL                )
```

### UNITED STATES' MOTION TO CONTINUE SENTENCING

The United States, by Nancy S. Healey, Assistant U.S. Attorney for the Western District of Virginia, and Darcy F. Katzin, Trial Attorney, U.S. Department of Justice Child Exploitation and Obscenity Section, hereby respectfully move for a continuance of the sentencing hearing to a date no earlier than March 2013 for the following reasons.

The United States has been provided with a copy of a report purporting to be a psychological evaluation and assessment of sexual interest, which appears to be wholly inconsistent with the actual evidence in this case. (Moreover, at least one of the tests relied on in furtherance of Fracher's conclusions, i.e., the Abel Assessment of Sexual Interest (AASI), was never intended to be used as a diagnostic tool, but rather used in furtherance of treatment, and is not peer-reviewed. *See, e.g.,* United States v. Birdsbill, 243 F.Supp.2d 1128, 1131-36 (D.Mont. 2003)).

The United States seeks a continuance and authorization to 1)

consult with a psychologist to review and critique the defendant's report, and 2) potentially obtain its own psychosexual evaluation of the defendant. The defense report, which is presumably intended to influence the Court's consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), appears to be based upon incomplete and inaccurate information that is contradicted by the extensive child exploitation behaviors of the defendant, as well as the child abuse depictions that he produced and the volume of other images that he possessed. The report moreover appears to be based, in large part, on an incomplete understanding of the breadth of evidence against the defendant and the inclusion of conclusions based on assessments that are questionable at best, e.g., AASI and Static-99, the latter of which is an actuarial instrument and not a psychological test and cannot predict the recidivism risk of an individual offender.[1] The reliance on these types of "tests" to

---

[1]

   The Static-99 consists of a single-page score sheet with 10 questions about, *inter alia*, age, number and type of past *convictions*, charges and sentencing dates, and whether the person has ever lived with a lover for at least two year. While the methodology has apparently been accepted in a number of cases,

> ...even its advocates claim only "moderate predictive accuracy." It may be more accurate than clinical assessments, but that may not be saying much. Estimates of recidivism are bound to be too low when one is dealing with underreported crimes such as sex offenses. Static 99 treats as a recidivist only someone who is *convicted* of a further sex offense...

United States v. McIlrath, 512 F.3d 421, 425 (7th Cir. 2008). *See also* State v. Rosado, 25 Misc.3d 380 (N.Y.Sup.Ct. 2009) for

evaluate the defendant's dangerousness seriously calls into question the accuracy and reliability of the report, particularly Fracher's opinions regarding the defendant's sexual interests and alleged risk of reoffending.

It has been "long recognized that sentencing judges 'exercise a wide discretion' in the types of evidence they may consider when imposing sentence...." See United States v. Powell, 650 F.3d 388, 392 (4th Cir. 2011). Pursuant to 18 U.S.C. § 3553(a), the Court must consider certain factors in determining an appropriate sentence for a defendant, including the nature and circumstances of the offense and the defendant's character and background. Moreover, 18 U.S.C. § 3552(b), authorizes the Court to order a study of the defendant if the "sentencing court desires more information than is otherwise available to it as a basis for determining the sentence to be imposed on a defendant found guilty of a ... felony".

The advisory guidelines range in this case is life imprisonment (capped by the aggregated statutory maximum sentences). The United States believes that the egregious conduct in this case proves that such a sentence would be wholly reasonable and appropriate in this case.

Given the report filed by the defendant, an independent

---

extensive discussion about the relevancy and limitations of the Static-99 and noting testimony that Jeffrey Dahmer would score only a 2 ("low risk") on this instrument.

analysis of the report conducted by a psychologist chosen by the United States and – depending on that review – further examination of the defendant by such psychologist, would provide the Court with a more accurate understanding of the defendant's crimes and characteristics.

In light of the foregoing, the United States requests that the sentencing hearing be continued to a date in or after March 2013 and an order authorizing the United States to contract with a psychologist to review the defendant's report as well as conduct a psychosexual examination of the defendant.

Respectfully submitted,

TIMOTHY J. HEAPHY
United States Attorney


/s/Nancy S.Healey
Nancy S. Healey
Assistant United States Attorney
Virginia Bar No. 39447


/s/Darcy F. Katzin
Darcy F. Katzin
Trial Attorney
U.S. Department of Justice
Child Exploitation and
     Obscenity Section
Washington, D.C.

CERTIFICATE

I hereby certify that on 14th day of December 2012, the forgoing United States Motion to Continue was electronically filed with the Clerk of the United States District Court for the Western District of Virginia using CM/ECF system. This system will send notification of such filing to all parties.

    Respectfully submitted,

    TIMOTHY J. HEAPHY
    UNITED STATES ATTORNEY

    s/ Nancy S. Healey
    Nancy S. Healey